UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| STEVE DAVID of aver,<br><br>Plaintiff,<br><br>v.<br><br>WAL-MART STORES, INC.,<br><br>Defendant. | Case No. 2:10-cv-00375-LMB<br><br>**ORDER** |

Now pending before the Court is Plaintiff's *Motion for Entry of Default*. (Docket Nos. 5). Plaintiff appears pro se and filed an amended complaint on January 26, 2011. (Docket No. 2). On March 22, 2011, Plaintiff filed what he states is an executed summons. (Docket No. 5) (Plaintiff personally served Samuel G. Whipple, the shift manager of the Wal-Mart store in Ponderay, Idaho.) However, no attorney has made an appearance for Defendant Wal-Mart and it appears that service may have been inadaquate and not in compliance with the requirements of Federal Rule of Civil Procedure 4.

Specifically, Rule 4(d)(3) provides in relevant part:

Service shall be made as follows: Upon a domestic or foreign corporation or upon a partnership or other unincorporated association which is subject to suit under a common name, by delivering a copy of the summons and of the complaint **to an officer, a managing or general agent, or to any other agent authorized by appointment or by law to receive service of process** and, if the agent is one

**ORDER -1-**

> authorized by statute to receive service and the statute so requires, by also mailing a copy to the defendant.

Fed. R. Civ. P. 4(d)(3) (emphasis added).

To effectively serve a corporation, as Plaintiff is attempting to do here, service must be directed to and delivered to an officer, managing agent or general agent of that corporation. *Id*. Though there may be evidence to the contrary, the record before the Court indicates that the person served, Samuel G. Whipple was not an officer, managing agent or general agent of the defendant corporation nor does the record indicate that he was authorized by it to receive service of process as contemplated by Rule 4.

A federal court does not have jurisdiction over a defendant unless that defendant has been served properly. *Jackson v. Hayakawa*, 682 F.2d 1344, 1347 (9th Cir. 1982). However, "Rule 4 is a flexible rule that should be liberally construed so long as a party receives sufficient notice of the complaint." *United Food & Commercial Workers Union v. Alpha Beta Co.*, 736 F.2d 1371, 1382 (9th Cir. 1984). Nonetheless, without substantial compliance with Rule 4 "neither actual notice nor simply naming the defendant in the complaint will provide personal jurisdiction." *Benny v. Pipes*, 799 F.2d 489, 492 (9th Cir. 1986).

Despite the language of the Rule, service of process is not entirely limited to officially designated officers, managing agents, or agents appointed by law for the receipt of process. Rather, Rule 4 is to be applied in a manner that will best effectuate its purpose of giving defendant adequate notice of a claim made against them. "Thus, proper

service can be made upon a representative so integrated with the organization that he will know what to do with the papers. Generally, service is sufficient when made upon an individual who stands in such a position as to render it fair, reasonable and just to imply the authority on his part to receive service." *Jones v. Automobile Club of Southern California*, 26 Fed. Appx. 740, *2 (9th Cir. 2002) (*quoting Top Form Mills, Inc. v. Sociedad Nationale Industria Applicazioni Viscosa*, 428 F.Supp. 1237, 1251 (S.D.N.Y. 1977)). Generally, "[t]he determination of whether a given individual is a 'managing or general agent' depends on a factual analysis of that person's authority within the organization." 2 J. Moore, J. Lucas, H. Fink & C. Thompson, Moore's Federal Practice ¶ 4.22[2], at 4-205 (2d ed. 1987).

Plaintiff's method of service can not be said to be "reasonably calculated" to alert defendant to the initiation of the suit as contemplated by Rule 4. Whipple, the employee apparently served with the summons and complaint, is not a representative of Defendant for purposes of service of process. Shift managers, at the level Whipple is described in Defendant corporation by Plaintiff, are not generally acquainted with the procedure associated with receipt of service of process to render it fair and just for this court to imply authority on his part to receive service of the summons and complaint.[1] Further, Plaintiff's "status as a pro se litigant does not excuse his failure to comply with the

---

[1] In Idaho, the Secretary of State maintains records of businesses operating within the state, including the type of business, annual reports and registered agents. *See* http://www.sos.idaho.gov/corp/corindex.htm

**ORDER -3-**

requirements of Rule 4." *Phillips v. Southern Wine & Sprits of Northern California, Inc.*, 943 F.2d 55, *1 (9th Cir. 1991).

Accordingly, Defendant has not been properly served as required by Rule 4(d)(3) and Plaintiff's motion for Default will be denied. Further, Plaintiff shall have until June 3, 2011, in which to perfect proper service. Failure to properly serve Defendant may result in dismissal of Plaintiff's case.

## ORDER

It is hereby ordered:

1. Plaintiff's Motion for Entry of Default is DENIED;

2. Plaintiff shall effect and file proof of proper service of process, with the Court, by June 3, 2011.



DATED: **May 16, 2011**.

Honorable Larry M. Boyle
United States Magistrate Judge