UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| STEVE DAVID of aver,<br><br>                  Plaintiff,<br><br>v.<br><br>WAL-MART STORES, INC.,<br><br>                  Defendant. | Case No. 2:10-CV-00375-EJL<br><br>**ORDER ON REPORT AND RECOMMENDATION** |

On May 16, 2011, United States Magistrate Judge Larry M. Boyle issued a Report and Recommendation ("Report"), recommending that Defendants' Motion for Default be denied and ordering the Plaintiff to properly serve the Defendant by June 3, 2011. (Dkt. No. 7.) Any party may challenge a magistrate judge's proposed recommendation by filing written objections within ten days after being served with a copy of the Report and Recommendation. 28 U.S.C. § 636(b)(1)(C). The district court must then "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id.* The district court may accept, reject, or modify in whole or in part, the findings and recommendations made by the magistrate judge. *Id.*; *see also* Fed. R. Civ. P. 72(b)(3). Plaintiff filed objections challenging the jurisdiction of the Magistrate Judge to issue the Report. (Dkt. No. 10.) The Court finds as follows.

**ORDER - 1**

**Discussion**

Plaintiff, Steven David of aver, initiated this action by filing his Complaint against Defendant Wal-Mart Stores, Inc. on July 28, 2010. (Dkt. No. 1.) Thereafter, on January 26, 2011, Plaintiff filed an Amended Complaint. (Dkt. No. 2.) On March 22, 2011, Plaintiff filed a Return of Summons wherein he purports service was made by one David Bruce Allen upon Samuel G. Whipple, shift manager, at the Wal-Mart Store in Ponderay, Idaho. (Dkt. No. 4.) On May 5, 2011, Plaintiff filed his Motion for Entry of Default alleging Defendant had failed to appear in this action after having been properly served. (Dkt. No. 5.)

The case was initially assigned to Magistrate Judge Boyle in the Court's random draw. Magistrate Judge Boyle considered Plaintiff's Motion for Entry of Default and issued an Order denying the same on the ground that Defendant had not been served. (Dkt. No. 7.) However, because the parties had not consented to a Magistrate Judge, the Order was converted into a Report and Recommendation and the case was reassigned to this Court for review of the same. (Dkt. No. 9.)

In his Report, Magistrate Judge Boyle concluded that Plaintiff's attempted service upon the shift manager at Wal-Mart was insufficient to properly effect service upon Wal-Mart Stores, Inc. (Dkt. No. 7.) The sum and substance of Plaintiff's objection is a challenge to Magistrate Judge Boyle's jurisdiction under 28 U.S.C. § 636 to rule upon the Motion for Entry of Default in this case. (Dkt. No. 10.) Plaintiff's objection, however, is moot at this stage given the reassignment of this case to this Court. (Dkt. No. 9.) Having reviewed the record herein de novo and Plaintiff's submissions, this Court agrees with the Magistrate Judge's conclusion that Plaintiff has not properly served the Defendant in this action but differs in its analysis.

In order for Plaintiff to properly serve Wal-Mart Stores, Inc., he will need to do so in accordance with Federal Rule of Civil Procedure 4 as it applies to a corporation. *See Butcher's Union Local 498, United Food and Commercial Workers v. SDC Investment, Inc.*, 788 F.2d 535, 538 (9th Cir. 1986) (explaining that plaintiff bears the burden of establishing that proper service was effected). The Report cites to Federal Civil Rule of Procedure 4(d)(3). (Dkt. No. 7.) However, service upon a corporation is governed by Rule 4(h), which states in relevant part:

> Unless federal law provides otherwise or the defendant's waiver has been filed, a domestic or foreign corporation ... that is subject to suit under a common name, must be served:
> (1) in a judicial district of the United States:
>   (A) in the manner prescribed by Rule 4(e)(1) for serving an individual; or
>   (B) by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and-if the agent is one authorized by statute and the statute so requires-by also mailing a copy of each to the defendant....

Thus, service under Rule 4(h) can be accomplished by either 1) the manner prescribed by Rule 4(e)(1) or 2) by delivering a copy of the summons and complaint to an officer, managing or general agent, or any other agent authorized by appointment or law. The Court will analyze both options below.

Under the first option, service can be effectuated on a corporation "in the manner prescribed for individuals by subdivisions (e)(1)." Fed. R. Civ. P. 4(h)(1)(A). Rule 4(e) states that "service upon an individual from whom a waiver has not been obtained and filed ... may be effected ... (1) pursuant to the law of the state in which the district court is located, or in which service is effected." Fed. R. Civ. P. 4(e). In Idaho, the law for serving a corporation is found in Idaho Rule of Civil Procedure ("IRCP") 4(d)(4)(A) and (B) which states:

**ORDER - 3**

(A) Upon a domestic or foreign corporation by delivering a copy of the summons and complaint to an officer, managing or general agent, or to any other agent authorized by appointment or by statute of this state to receive service of process....

(B) Whenever any foreign corporation which has qualified in the state by filing with the Secretary of State or a domestic corporation or association shall not have designated a person actually residing in the state upon whom service of process can be made, or whenever such agent of a corporation shall resign, be removed from office, or shall have died or shall have moved from the state, or if after due diligence neither the designated agent of the corporation nor any officer or managing agent of the corporation can be found within the state, then service of any summons and complaint against the corporation may be made by the party serving the same by mailing copies of the summons and complaint by registered or certified mail to the corporation addressed to its registered place of business and to the president or secretary of the corporation at the addresses shown on the most current annual statement filed with the Secretary of State. Service shall be complete upon such mailing by certified or registered mail. The party or attorney serving the corporation under this paragraph shall make a return certificate indicating compliance with the provision of this rule and attaching a receipt of the mailing.

IRCP 4(d)(4)(A) and (B). Plaintiff's efforts at serving Defendant in this case do not satisfy either of the two state law requirements listed above. Based on the Return of Service, there is no evidence that Plaintiff has served "an officer, managing or general agent, or ... any other agent authorized ... to receive service of process" on the Defendant's behalf as required by IRCP 4(d)(4)(A). (Dkt. No. 4.) Service upon the shift manager does not satisfy the requirements of IRCP 4(d)(4)(A). Instead, Defendant has a registered agent in Idaho to whom service should be made. *See* http://www.sos.idaho.gov. Thus, Plaintiff's attempted service as reflected in the Return of Service does not satisfy the requirements of IRCP 4(d)(4)(A). (Dkt. No. 4.) Further, because Defendant has a registered agent in Idaho, the provisions of IRCP 4(d)(4)(B) do not apply here.

Under the second option, service may be made by delivering a copies of the Summons and Complaint to Defendant's officer, managing or general agent, or any other agent authorized to

receive service of process. Fed. R. Civ. P. 4(h)(1)(B). Again here, Plaintiff delivered the Summons and Complaint to the shift manager at the local Wal-Mart store in Ponderay, Idaho. (Dkt. No. 4.) There is no indication this individual is one of the qualifying individuals upon whom service may be made under Rule 4(h)(1)(B). Further, as discussed in the Report, there is no indication that the shift manager here is "an individual who stands in such a position as to render it fair, reasonable and just to imply the authority on his part to receive service." (Dkt. No. 7, p. 3) (citation omitted). Accordingly, the Court finds Plaintiff has not delivered the Summons and Complaint to the appropriate party so as to properly effectuate service under Rule 4(h)(1)(B).

Because neither of the service options under Rule 4(h)(1)(A) or (B) have been met here, the Court concludes that jurisdiction over Defendant in this case is lacking. As correctly stated in the Report, Plaintiff's "status as a pro se litigant does not excuse his failure to comply with the requirements of Rule 4." (Dkt. No. 7, pp. 3-4) (citation omitted). The ramifications for failing to properly serve a party are found in Rule 4(m) which states:

> If a defendant is not served within 120 days after the complaint is filed, the court-on motion or on its own after notice to the plaintiff-must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m).

Here, the initial Complaint was filed on July 28, 2010. (Dkt. No. 1.) The Amended Complaint was filed on January 26, 2011. (Dkt. No. 2.) As such, the time for completing service expired on May 26, 2011. *See* Fed. R. Civ. P. 4(m). Because Plaintiff is proceeding *pro se* in this matter, however, the Court will afford him an additional limited amount time in which to properly effect service upon the Defendant in this matter until July 18, 2011. *See Moore v. Agency for Int'l*

*Development*, 994 F.2d 874, 876 (D.C. Cir. 1993) ( "Pro se litigants are allowed more latitude than litigants represented by counsel to correct defects in service of process and pleadings."). Failure to do so may result in dismissal of this action without further notice. *See* Fed. R. Civ. P. 4(m).

## ORDER

Having conducted a *de novo* review of the Report and Recommendation and this Court being fully advised in the premises, **IT IS HEREBY ORDERED** that the Report and Recommendation entered on May 16, 2011, (Dkt. No. 7), should be, and is hereby, **INCORPORATED** by reference and **ADOPTED AS AMENDED HEREIN**.

**NOW THEREFORE, IT IS HEREBY ORDERED** as follows:

1) Plaintiff's Motion for Default (Dkt. No. 6) is **DENIED**

2) Plaintiff shall effect proper service on the Defendant and file proof of the same with this Court on or before **August 1, 2011**. Failure to do so may result in dismissal of this action without further notice.

DATED: **June 27, 2011**

Honorable Edward J. Lodge
U. S. District Judge